**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARIE SALTS**                      **PETITIONER**

v.                      **No. 1:08CV182-P-D**

**CHRISTOPHER EPPS
JIM HOOD**                      **RESPONDENTS**

**CONSOLIDATED WITH**

**MICHAEL SALTS**                      **PETITIONER**

v.                      **No. 1:08CV183-P-D**

**CHRISTOPHER EPPS
JIM HOOD**                      **RESPONDENTS**

**ORDER *GRANTING* THE MOTION [30] OF MARIE SALTS
FOR BAIL PENDING APPEAL; *DENYING* THE MOTION OF MICHAEL SALTS
FOR BAIL PENDING APPEAL; *GRANTING IN PART* THE RESPONDENTS' MOTION
[48] TO STAY EXECUTION OF THE JUDGMENT**

This matter comes before the court on the motion [48] by respondents to stay execution of the court's judgment in this case granting *habeas corpus* relief to Michael and Marie Salts under 28 U.S.C. § 2254. The Saltses have also moved [30], [38] for release pending resolution of the appeal of the court's judgment.

Decision on both of these issues is governed by FED. R. APP. P. 23, entitled "Custody or Release of a Prisoner in a Habeas Corpus Proceeding." Regarding the release of a successful *habeas corpus* petitioner, Rule 23(c) states:

> **Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety.

A district court has broad discretion in setting conditions on a judgment granting *habeas corpus* relief, as courts may dispose of *habeas corpus* matters "as law and justice require. 28 U.S.C. § 2243. "There is a presumption in favor of enlargement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). Thus, "a court making an initial custody determination under Rule 23(c) should be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case," which are: (1) the possibility that the petitioner would flee, (2) the risk of danger the petitioner would pose to the public, (3) the State's interest in continuing custody and rehabilitation pending final determination of the case on appeal, (4) the State's prospect of success on appeal (or a substantial state case on the merits). *Id.* The court must weigh these factors for each petitioner.

### Marie Salts

For Marie Salts, these factors do not overcome the presumption that she should be released pending appeal. Marie Salts has no prior criminal history and is currently on house arrest. The court finds that Marie Salts is not a flight risk, poses no danger to the public, and the State's interest in her continuing custody is small, especially considering her placement on house arrest. Although the State has a substantial case on the merits, all the factors considered together weigh in favor of Marie's release during the course of her appeal.

### Michael Salts

For Michael Salts, however, the factors overcome the presumption in favor of release during appeal. Michael Salts was sentenced in this case as a habitual offender and has an additional charge pending. In light of the enhanced sentence he faces as a habitual offender, the court finds that

Michael Salts is more of a flight risk than someone who did not face such a sentence. In addition, as none of his convictions or pending charges involve violence, the court also finds that Michael Salts does not pose a danger to the public. However, given his repeated violations of the State's laws, the court finds that the State has a strong interest in his continuing custody during appeal. Finally, the State has a substantial case on the merits. Weighing these factors, the court holds that Michael Salts should not be released while his appeal is pending.

### Stay of the Judgment During Appeal

The State argues that court's deadline of 120 days to retry Michael and Marie Salts – in the absence of a stay of judgment – would not give the Fifth Circuit a meaningful opportunity to review the merits of the case. The State also argues that its ability to reconstruct its case, locate witnesses, and gather evidence would be hampered should the court deny its request for a stay of the court's judgment. These arguments have merit; as such, the court will stay (during the pendency of the appeal of this case) only the part of the judgment setting a 120 day deadline for the State to retry Michael and Marie Salts.

In sum, (1) the motion [30] for application for bail as to Marie Salts is **GRANTED**, and she must be released on personal recognizance pending resolution of the appeal of this case, (2) the motion [38] for application for bail for Michael Salts is **DENIED**, and (3) the respondents' motion [48] to stay execution of judgment in this case is **GRANTED** as to the 120-day deadline to retry the defendants; that deadline is **STAYED** pending resolution of the this case on appeal.

**SO ORDERED,** this the 29th day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE